Dear Ms. Parrish:
You ask substantially the following question:
Is the property appraiser authorized to pay severance pay (salary and health insurance) in lieu of notice in light of section 215.425, Florida Statutes, and if so, under what conditions?
Section 215.425, Florida Statutes, provides in pertinent part:
"No extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered or the contract made; nor shall any money be appropriated or paid on any claim the subject matter of which has not been provided for by preexisting laws, unless such compensation or claim is allowed by a law enacted by two-thirds of the members elected to each house of the Legislature. . . . The provisions of this section do not apply . . . to extra compensation given to county, municipal, or special district employees pursuant to policies adopted by county or municipal ordinances or resolutions of governing boards of special districts or to employees of the clerk of the circuit court pursuant to written policy of the clerk; or to a clothing and maintenance allowance given to plainclothes deputies pursuant to s. 30.49."[1]
Extra compensation generally refers to an additional payment for services performed or compensation over and above that fixed by contract or law when the services are rendered.[2]
In considering the application of section 215.425, Florida Statutes, this office has stated that in the absence of a statute, collective bargaining agreement, or existing personnel policy authorizing such payments, severance payments in lieu of notice constitute extra compensation prohibited by section 215.425. In Attorney General Opinion 91-51, this office stated that such a payment to the employees of a tax collector's office for services they had already performed and been compensated for would constitute "extra compensation," which was prohibited by section 215.425 in the absence of a preexisting employment contract or personnel policy that included a provision making this payment a part of the salary for the position. Where, however, proposed benefits were not bonuses, but rather constituted increased benefits to currently employed personnel through an early retirement option, this office has stated that a city utility board could establish such an early retirement option for employees without violating section 215.425, Florida Statutes.[3]
In 1992, the Legislature amended section 215.425, Florida Statutes, to make the section inapplicable to extra compensation given to county or municipal employees pursuant to policies adopted by county or municipal ordinance.[4] As a county constitutional officer,[5] employees of your office would appear to be employees of the county for purposes of this section.[6]
From the information provided to this office, there is no preexisting employment contract or personnel policy for the employees of the Broward County Property Appraiser's Office that provides for severance payments. Under the plain language of section 215.425, Florida Statutes, therefore, the property appraiser may not make severance payments in lieu of notice in the absence of a county ordinance authorizing such payments. Absent such an ordinance, the property appraiser may, if otherwise authorized to adopt policies regarding the salary and compensation of the employees of that office, adopt a policy regarding such payments, provided that the policy is prospective in application.[7] A policy adopted at the time of termination of the employee, however, would not be representative of compensation earned during service and thus would violate section 215.425, Florida Statutes. While a severance pay policy in lieu of notice may be adopted for current employees, it must be part of the compensation benefits earned after the policy's adoption.
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] Section 215.425, Fla. Stat., was formerly Art. XVI, s. 11, 1885 Fla. Const., and was converted to statutory law by Art. XII, s. 10, 1968 Fla. Const. Prior to its conversion, it was applied to county constitutional officers; this office has, therefore, concluded that the provisions of the statute also apply to elected county constitutional officers. See, Op. Att'y Gen. Fla. 91-51 (1991). Cf., Weber v.Smathers, 338 So. 2d 819 (Fla. 1976), In re Advisory Opinion to theGovernor, 112 So. 2d 843 (Fla. 1959), and State v. Miami BeachRedevelopment Agency, 392 So. 2d 875, 886 (Fla. 1980), for the proposition that decisions construing predecessor provisions of the constitution having the same import as current provisions are sources of authority for the construction of the successor provisions.
[2] See, e.g., Ops. Att'y Gen. Fla. 89-53 (1989) and 75-279 (1975), stating that the term "denotes something done or furnished in addition to, or in excess of the requirement of the contract; something not required in the performance of the contract."
[3] See Inf. Op. to Mr. Stanley T. Rzad, Finance Manager for the Key West Utility Board, dated July 20, 1994, cited in Op. Att'y Gen. Fla. 97-21 (1997) and Inf. Op. to the Honorable Charlie Green, Clerk of Lee County Circuit Court, from the Honorable Robert A. Butterworth, Attorney General, dated March 20, 1996.
[4] See s. 3, Ch. 92-90, Laws of Fla. Section 1, Ch. 92-90, Laws of Fla., added section 125.01(1)(bb), Florida Statutes, which authorizes the governing body of a county to,
"[n]otwithstanding the prohibition against extra compensation set forth in s. 215.425, provide for an extra compensation program, including a lump-sum bonus payment program, to reward outstanding employees whose performance exceeds standards, if the program provides that a bonus payment may not be included in an employee's regular base rate of pay and may not be carried forward in subsequent years."
A similar provision was added to Ch. 166.021(7), Fla. Stat., for municipalities. See s. 2 of Ch. 92-90, Laws of Fla.
[5] See Art. VIII, s. 1(d), Fla. Const., listing a sheriff, a tax collector, a property appraiser, a supervisor of elections, and a clerk of the circuit court as county officers.
[6] See Inf. Op. to the Honorable Charlie Green, Clerk of Lee County Circuit Court, from the Honorable Robert A. Butterworth, Attorney General, dated March 20, 1996, in which this office stated that a sheriff was authorized to adopt a program to give qualified sheriff's employees a severance incentive to be devised by the sheriff and paid to those employees electing to end their employment with the sheriff's office on a specified date where a county ordinance authorized the development and implementation of such a program.
[7] See Op. Att'y Gen. Fla. 93-14 (1993) in which this office concluded that in the absence of a formal personnel policy adopted by the sheriff establishing a chief deputy sherriff's right to payment for sick and annual leave upon termination on employment, such a plan would be unauthorized; but see, Inf. Op. to the Honorable Charlie Green,id.